IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HEATHER COSTA                                                                                    PLAINTIFF

v.                                        Case No. 5:13-CV-05140

SOLOMON ORTHODONTIC SYSTEMS, LLC;
ORTHOSYNETICS, INC.; and ARKANSAS
ORTHODONTICS                                                                                   DEFENDANTS

**ORDER**

Currently before the Court are Defendant Arkansas Orthodontics' motion to dismiss for lack of jurisdiction (Doc. 15) and brief in support (Doc. 16); Plaintiff Heather Costa's response in opposition (Doc. 27); and Arkansas Orthodontics' reply (Doc. 28). Arkansas Orthodontics contends that it is not a legal entity subject to suit and should therefore be dismissed from this action for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).[1] In support of its motion, Arkansas Orthodontics has submitted evidence demonstrating that it is not a separate legal entity in and of itself, but rather a fictitious name for a business that was registered with the Arkansas Secretary of State on February 22, 2013, as Gateway Ventures, LLC. *See* Doc. 28-1. Neither Gateway Ventures, LLC, nor its named officer/organizer, Bridget Burris, is a party to this lawsuit.

In addition, although Plaintiff claims that she opposes the dismissal of Arkansas Orthodontics from the case, she also admits that Arkansas Orthodontics is "an assumed name for Benjamin Burris" (Doc. 27, p. 2), an individual who filed a certificate with the Washington County, Arkansas,

---

[1] Arkansas Orthodontics also argues in the alternative that dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(4) and (b)(5), due to insufficiency of process and insufficiency of service of process. Because the Court finds that dismissal is appropriate under Rule 12(b)(2), these other possible bases for dismissal will not be considered.

probate clerk on April 24, 2013, identifying "Arkansas Orthodontics" as an assumed or fictitious name for a business he either operated or intended to operate. *See* Doc. 27-4. Benjamin Burris is also not a party to this lawsuit.

According to Federal Rule of Civil Procedure 17(b), the capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." Under Arkansas law, a fictitious name for a business is not a separate legal entity capable of suit. *Rankin v. Farmers Tractor & Equipment Co., Inc.*, 219 Ark. 26 (Ark. 1994). In this case, Plaintiff maintains that Arkansas Orthodontics was listed as one of her employers in the severance documents she received when she was terminated. However, Plaintiff also admits that during the course of her employment, she understood her employers to be Defendants Solomon Orthodontic Systems, LLC, and Orthosynetics, Inc.—not Arkansas Orthodontics. *See* Doc. 1, paras. 10-11.

Regardless of what representations were made in Plaintiff's severance documents, the fact remains that Arkansas Orthodontics is a mere fictitious name and does not exist. Since it is not a valid legal entity capable of suit under Arkansas law, the Court cannot exercise personal jurisdiction over it.

IT IS THEREFORE ORDERED that Defendant Arkansas Orthodontics' motion to dismiss for lack of jurisdiction (Doc. 15) is GRANTED, and Arkansas Orthodontics is dismissed as a defendant in this case.

IT IS SO ORDERED this 3rd day of February, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE